UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OSCAR MERCADO,

                       Petitioner,

     -against-

DAVID HOWARD,

                       Respondent.

23-CV-10958 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

     Petitioner, currently incarcerated at Woodbourne Correctional Facility, brings this *pro se* petition, under 28 U.S.C. § 2254, challenging his 2002[1] conviction in the New York Supreme Court, Westchester County. The Court transfers this action to the United States Court of Appeals for the Second Circuit for the reason set forth below.

     The Court's records show that Petitioner's earlier Section 2254 petition challenged the same judgment. *See Mercado v. Lempke*, ECF 1:11-CV-6529, 2015 WL 3879636 (S.D.N.Y. June 16, 2015). Because that petition for a writ of *habeas corpus* under Section 2254 was decided on the merits, this new application is a second or successive petition. *See Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002).[2]

     Before a successive Section 2254 *habeas* petition is filed in the district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A).

---

[1] Petitioner's judgment of conviction was entered on October 29, 2002, and amended on January 22, 2003. *See People v. Mercado*, 6 A.D.3d 630, 630 (2004). On July 24, 2008, Petitioner was resentenced "to add terms of post-release supervision to his sentence." *Mercado*, 2015 WL 3879636, at *1.

[2] In 2020, Petitioner filed a writ of error *coram nobis* asserting claims of ineffective assistance of counsel, *People v. Mercado*, 185 A.D.3d 965 (2d Dept. July 22, 2020), *lv. denied*, 35 N.Y.3d 1096 (Sept. 30, 2020), and a new Section 2254 petition, which was transferred to the Court of Appeals for the Second Circuit as a successive petition. *See Mercado v. Lee*, No. 20-CV-6340 (CM) (S.D.N.Y. Aug. 26, 2020), *lv denied*, 20-2960 (2d Cir. Oct. 26, 2020).

Petitioner must therefore move in the United States Court of Appeals for the Second Circuit for permission to pursue this application.[3]

## CONCLUSION

In the interest of justice, this Section 2254 *habeas corpus* petition is transferred to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1631; *see also Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996) (*per curiam*). This order closes this case. If the Court of Appeals authorizes Petitioner to proceed in this matter, he shall move to reopen this case under this civil docket number.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 19, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

---

[3] Any motion to the Court of Appeals must show that: (A) the claim being raised by the petition "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or (B) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(i)-(ii).